UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KATHLEEN MCCLAIN**                                                                           **PLAINTIFF**

v.                                            **CASE NO. 4:09-CV-00278 BSM**

**CHARLES A. HOLLADAY,**
in his official capacity as Sheriff
of Pulaski County, Arkansas; **DAVID**
**TINER,** in his official capacity as Deputy
Sheriff of Pulaski County, Arkansas; and
**HSBC MORTGAGE SERVICES, INC.**                                                           **DEFENDANTS**

## ORDER

Before the court is the motion to dismiss filed by defendants Sheriff Charles A. Holladay, in his official capacity as Sheriff of Pulaski County, Arkansas, and David Tiner, in his official capacity as Deputy Sheriff of Pulaski County, Arkansas (the "county defendants") (Doc. No. 11) . The response time has run, and plaintiff Kathleen McClain has failed to respond. Defendants' motion to dismiss is granted pursuant to the *Rooker-Feldman* doctrine and the complaint is dismissed for lack of subject matter jurisdiction.

### I. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id*. "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual

information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id*. (internal citations omitted).

## II. BACKGROUND

In her complaint, McClain alleges that she purchased 1016 I Street, North Little Rock, Arkansas, from her sister, Debra Bone. She states that on December 19, 2003, Bone executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., which was recorded on December 31, 2003, as instrument #2003130651 in Pulaski County, Arkansas. She alleges that on August 10, 2007, a mortgagee notice of default and intent to sell was mailed to Bone, and that Bone instituted a lawsuit in the Circuit Court of Pulaski County on October 8, 2007, Case No. CV 2007 13432. McClain alleges that HSBC Mortgage Services, Inc. ("HSBC") filed a counterclaim, although HSBC could not show an ownership interest in the property. She also alleges that HSBC filed its counterclaim without the issuance or service of a summons, and is not a real party in interest. McClain states that the Circuit Court of Pulaski County issued a decree of foreclosure on the counterclaim, and scheduled the property for sale on January 22, 2009.

McClain states that she filed a motion to intervene in the Pulaski County lawsuit, and then filed a notice of removal to this court on January 22, 2009. *See Debora A. Bone v. HSBC Mortgage Services, Inc.,* Case No. 4:09-cv-00041 SWW.[1] McClain asserts that the Circuit Court of Pulaski County lost jurisdiction. The court notes that Judge Susan Webber

---

[1] Although McClain states that the case was 4:09-cv-32 JMM, a search of the court's records indicates that the case number provided is incorrect.

Wright remanded the case to the Circuit Court of Pulaski County on January 30, 2009, finding that the court lacked subject matter jurisdiction because McClain was not a party to the removed action and was not a defendant in the case.

McClain alleges that on March 17, 2009, HSBC instituted an unlawful detainer action in the Circuit Court of Pulaski County, Case No. CV 2009-2116, alleging that McClain had been served a notice to vacate. McClain asserts that neither she nor Bone were served with a notice to vacate, summons, or complaint, and they were not given an opportunity to object to the issuance of writ of possession. McClain states that on April 8, 2009, Holladay and Tiner served a writ of possession on her and all occupants requiring them to be off of the property within 24 hours or face removal by the Sheriff and his Deputies. McClain states that the matter is on appeal to the Arkansas Supreme Court.

On April 13, 2009, McClain filed a notice of removal of Case No. CV 2009-2116. *See HSBC Mortgages Services, Inc. v. Debra A. Bone and Kathleen McClain*, Case No. 4:09-cv-00280 GTE. Judge G. Thomas Eisele remanded the case to the Circuit Court of Pulaski County because McClain was not a party to the removed state court action or a defendant in the case.

Plaintiff filed the instant case on April 10, 2009. McClain states that HBSC and Accredited Home Lenders, Inc. are defendants in a class action lawsuit in the Central District of California alleging that they charged black mortgagers higher interest rates than white mortgagers with similar credit ratings and incomes, and that they forced these black

mortgagers to purchase sub-prime mortgages, although they qualified for prime mortgages. *See National Association for The Advancement of Colored People v. HSBC Mortgage Corporation and HSBC Bank USA, N.A.*, Case No. 2:09-cv-01759.  McClain alleges that defendants' actions violate plaintiff's rights under 42 U.S.C. §§ 1981 and 1982 and defendants took this course of action due to her race and color.  McClain states that the county defendants enjoy immunity for their official acts, but state that their official actions should be enjoined.  McClain seeks declaratory and injunctive relief, as well as damages in an amount to be established at trial.

### III.  MOTION TO DISMISS

The county defendants move to dismiss the complaint pursuant to the *Rooker-Feldman* doctrine because the court lacks subject matter jurisdiction over the claims. Alternatively, the county defendants assert that the complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because McClain failed to allege the necessary "state action" to establish a constitutional violation and admits that the county defendants are entitled to absolute quasi-judicial immunity from this lawsuit.  As noted above, McClain has failed to respond to the motion.

"Federal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings."  *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990) (citing cases).  "Although a federal district court may not possess appellate jurisdiction to review a state court judgment, it may exercise jurisdiction over a

general constitutional challenge made in a federal proceeding as long as the constitutional challenge is not 'inextricably intertwined' with claims asserted in a state court proceeding." *Id*. (citing cases). "Under the *Feldman* doctrine, the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id*. (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25, 107 S. Ct. 1519, 1533, 95 L. Ed. 2d 1 (1987) (Marshall, J., concurring)). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id*. at 296-97.

"Where a litigant attempts to circumvent the requirement of seeking direct review in the United States Supreme Court by casting her lawsuit as a section 1983 action, *Feldman*'s jurisdictional bar applies." *Id*. at 297 (citing cases). "Similarly, the *Feldman* doctrine applies to claims for both injunctive and declaratory relief." *Id*. "[T]here is no procedural due process exception to the *Rooker-Feldman* doctrine. *Postma v. First Federal Sav. & Loan of Sioux City*, 74 F.3d 160, 162 n.3 (8th Cir. 1996) (citing cases).

McClain cannot overcome the jurisdictional bar in this case by styling her claim as a due process or discrimination action. It appears that McClain is challenging the state court's resolution of the foreclosure proceedings and/or unlawful detainer actions. It also appears that McClain is attempting to enjoin the county defendants from enforcing the writ of possession issued by the Circuit Court of Pulaski County. The court notes that McClain

asserts that the matter is on appeal to the Arkansas Supreme Court. This court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Accordingly, defendants' motion to dismiss (Doc. No. 11) is granted. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED this 26th day of June, 2009.


/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE