UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KATHLEEN MCCLAIN**                                                                                      **PLAINTIFF**

v.                                      **CASE NO. 4:09-CV-00278 BSM**

**CHARLES A. HOLLADAY,**
**in his official capacity as Sheriff**
**of Pulaski County, Arkansas; DAVID**
**TINER, in his official capacity as Deputy**
**Sheriff of Pulaski County, Arkansas; and**
**HSBC MORTGAGE SERVICES, INC.**                                                       **DEFENDANTS**

## ORDER

Before the court are plaintiff Kathleen McClain's motion for new trial and relief from judgment and motion for default judgment.

On June 26, 2009, the court granted the motion to dismiss filed by defendants Sheriff Charles A. Holladay, in his official capacity as Sheriff of Pulaski County, Arkansas, and David Tiner, in his official capacity as Deputy Sheriff of Pulaski County, Arkansas, noting that McClain failed to respond, and stating:

> McClain cannot overcome the jurisdictional bar in this case by styling her claim as a due process or discrimination action. It appears that McClain is challenging the state court's resolution of the foreclosure proceedings and/or unlawful detainer actions. It also appears that McClain is attempting to enjoin the county defendants from enforcing the writ of possession issued by the Circuit Court of Pulaski County. The court notes that McClain asserts that the matter is on appeal to the Arkansas Supreme Court. This court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

In her motion for new trial pursuant to Federal Rule of Civil Procedure 59, and motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60, McClain states that

she was unable to respond to the motion to dismiss because she was "being harassed by Defendants who filed Pleadings in the State Court and continued to take action, not withstanding this lawsuit and the fact that the State Court Case has been removed . . .." She also states that the state court has no jurisdiction. In her motion for default judgment, McClain states that defendant HSBC Mortgage, Inc. was served on or about April 20, 2009, but it had not answered or filed a responsive pleading when the court entered judgment on June 26, 2009.

Due to the court's lack of subject matter jurisdiction, the court cannot grant McClain the requested relief. McClain's motions are denied.

Accordingly, plaintiff Kathleen McClain's motion for new trial and relief from judgment (Doc. No. 17) and motion for default judgment (Doc. No. 18) are denied.

IT IS SO ORDERED this 11th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE